IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY WAYNE MOTT, <br> TDCJ No. 2225776, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| V. | § <br> § | No. 3:20-cv-1160-M-BN |
| RUSTY GRIMES, ET AL., | § <br> § <br> § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Bradley Wayne Mott, now a Texas prisoner, filed a *pro se* complaint alleging that he was subjected to unconstitutionally excessive force while he was incarcerated in Kaufman County. *See* Dkt. No. 3.

Chief Judge Barbara M. G. Lynn referred Mott's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Mott leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act (the PLRA). *See* Dkt. No. 5. And, to advance the pre-service screening of Mott's claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court ordered the Kaufman County Sheriff's Office to undertake a review of the subject matter he sets out to ascertain the facts and circumstances relevant to his claims (including the identity of the John Doe defendants in the complaint), to gather any jail and medical records related to those claims, and to compile a written report, including, as appropriate, copies of pertinent rules and regulations; witness

statements (in the form of affidavits or declarations); and applicable medical and jail records (with an authenticating business records affidavit). *See* Dkt. No. 6; *see also Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

The Kaufman County Criminal District Attorney, on behalf of the Sheriff, filed a *Martinez* report. *See* Dkt. No. 11. And Mott filed a response. *See* Dkt. No. 16.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Mott's claims as frivolous.

## Legal Standards

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*,

763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly

events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A

threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs.*

*Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

A *Martinez* report – like an evidentiary hearing held under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) – is "a tool" to be used to further develop the factual basis of an *in forma pauperis* or prisoner complaint, to determine whether *sua sponte* dismissal is appropriate. *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (per curiam) (recognizing that the Fifth Circuit has "adopted the *Martinez* report as a tool" and citing *Cay v. Estelle*, 789 F.2d 318, 323 n.4, 324 (5th Cir. 1986) ("Regardless of the means used to develop the factual basis of a claim, dismissal under [either 28 U.S.C. § 1915(e) or § 1915A] is appropriate whenever it becomes clear that an IFP [or prisoner] complaint is without merit."), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992)); *accord Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative

record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

But information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

"'A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report.'" *Shabazz*, 980 F.2d at 1334-35 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). "A plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by § [1915(e)], even though it may not survive a motion for summary judgment." *Hall*, 935 F.2d at 1109. And, "[b]ecause pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set out in the *Martinez* report." *Id.*[1]

---

[1] *See also Bailey v. Vincent*, 694 F. App'x 283, 284 (5th Cir. 2017) (per curiam) ("[A]lthough the State raised affirmative defenses in its *Martinez* report, *Bailey* has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances." (citing *Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992) (approving the Tenth Circuit's *Martinez v. Aaron* procedures as a means "to enable the trial court to make a determination of frivolity" (cleaned up)))); *Ruiz v. Mercado*, Civ. A. No. M-14-1921, 2016 WL 1166040, at *2 (S.D. Tex. Feb. 10, 2016) ("A court may base a dismissal under 28 U.S.C. § 1915(e) 'on medical or other prison records if they are adequately identified and authenticated,' such as those

## Analysis

Because Mott was a pretrial detainee at the time of the alleged use-of-force incident, his "claims arise under the Fourteenth Amendment." *Velazquez v. Baker*, No. 5:20-cv-78-H-BQ, 2021 WL 812505, at *5 (N.D. Tex. Jan. 28, 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)), *rec. accepted*, 2021 WL 808738 (N.D. Tex. Mar. 3, 2021).

In setting "the legal standard for use of force against pretrial detainees," the United States Supreme Court announced in *Kingsley* "that 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Welsh v. Correct Care Recovery Sols.*, ___ F. App'x ___, No. 19-10825, 2021 WL 487152, at *3 (5th Cir. Feb. 9, 2021) (quoting *Kingsley*, 576 U.S. at 396-97); *see also Velazquez*, 2021 WL 812505, at *5 (observing that *Kingsley* abrogated "lower courts' application of Eighth Amendment excessive force standards from *Hudson v. McMillian*, 503 U.S. 1 (1992) to pretrial detainees").[2]

Under *Kingsley*, "objective reasonableness" turns on the "facts and

---

included in a *Martinez* report, and medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. However, 'a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits.'" (citations omitted)), *rec. adopted*, 2016 WL 1162264 (S.D. Tex. Mar. 23, 2016).

[2] *Cf. Funari v. Warden of James V. Allred Unit*, 609 F. App'x 255, 256 (5th Cir. 2015) (per curiam) ("Construing the facts from the complaint in [favor of Funari, a Texas prisoner], no reasonable jury could find that Officer Wheeler's actions were 'not a good faith effort to maintain or restore discipline.' *See Hudson*[, 503 U.S. at 6-7] ('[T]he core judicial inquiry [in an excessive-force claim] is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.').").

> circumstances of each particular case" and various factors "may bear on the reasonableness or unreasonableness of the force used":
>> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.
>
> [567 U.S.] at 397. In determining objective reasonableness, "a court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (alterations in original) (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

*Welsh*, 2021 WL 487152, at \*3-\*4; *see also Tennyson v. Villareal*, 801 F. App'x 295, 295 (5th Cir. 2020) (per curiam) ("As a pretrial detainee, Tennyson 'can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" (quoting *Kingsley*, 576 U.S. at 398)).

Here, as Mott alleges, on May 31, 2018, he was in a Kaufman County courtroom and turned around to speak to another defendant when Defendant "Rusty Grimes tells me to shut up and turn around. I flip Rusty off, he stands up and starts cussing at me telling me to stand up." Dkt. No. 3 at 5.

Mott next alleges that, when he stood up, Grimes "grabbed the front of the belt" around his waist, to which his shackles were attached, causing Mott to fall to the ground shoulder first. *Id.* According to Mott, Grimes then pulled him to his feet and escorted him out of the courtroom and down a flight of stairs. *See id.* Mott alleges that, along the way, Grimes shoved him and, when they reached "the bottom of the steps[, Grimes] started pushing [Mott] trying to make [him] walk fast[er] than [he]

was capable of, so [Mott] quit moving [his] feet." *Id.* Grimes continued to escort Mott to a camera room. *See id.* And, "as the door closed[, Grimes] shoved [Mott] against the wall and started elbowing [him] in the back/side of the head." *Id.* At that time, Mott alleges that the sergeant manning the cameras told Grimes to stop and to take Mott to a transport van. *See id.* Once there, Mott alleges that Grimes shoved him into the van. *See id.* at 5-6.

Back at the jail, Mott alleges that he asked to file a grievance against Grimes. *See id.* at 6. He was given the paperwork, pictures were taken, and he requested that he be transported to the hospital. *See id.* He was. *See id.* And, in evaluating Mott's claims under *Kingsley*, the Court may consider the hospital records, *see* Dkt. No. 11-1 at 46-68, which have been adequately identified and authenticated through the *Martinez* report, *see, e.g.*, *Ruiz*, 2016 WL 1166040, at *2 (citing *Banuelos v. McFarland*, 41 F.3d 232, 234-35 (5th Cir. 1995) ("[D]ismissals [under Section 1915(e)] can be based on 'medical and other prison records' if they are 'adequately identified or authenticated.'… The district court held that Banuelos' medical-care 'claim does not involve a medical problem that is serious nor does it involve deliberate indifference.' Because this is supported by Banuelos' medical records, the district court did not err by dismissing this claim as frivolous." (citing *Wilson v. Barrientos*, 926 F.2d 480, 482-84 (5th Cir. 1991)))).

Reviewing those records, which do not reflect significant injuries, and evaluating Mott's version of the use of force under the applicable *Kingsley* factors, he has not alleged a plausible excessive force claim.

First, the alleged use of force occurred only after Mott openly defied a court security officer in a courtroom. *See Tennyson*, 801 F. App'x at 296 (affirming a finding that the use of force was not excessive in part because "Tennyson admits that he refused to comply, and that the Officers had to take him to the ground to handcuff him because of his noncompliance"); *Velazquez*, 2021 WL 812505, at *5 ("Officials are justified in using some degree of force 'in a good-faith effort to maintain or restore discipline' where a prisoner refuses to cooperate with legitimate directives of an official." (quoting *Gonzales v. Rowe*, No. 5:20-CV-052-BQ, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020); citing *Rios v. McBain*, No. 504CV84, 2005 WL 1026192, at *7 (E.D. Tex. Apr. 28, 2005) ("[O]pen defiance of orders plainly poses a threat to the security of the institution, regardless of whether or not the defiance is emanating from within a locked cell."))).

And, while Mott's version of Grimes's use of force does not reflect an effort by Grimes to temper or limit the amount of force, the overall amount of force used was not high; Mott's injuries were not extensive; a criminal defendant's open defiance of an officer in a courtroom poses a significant security risk that would be reasonably perceived by any court security officer, objectively speaking; and, even in his account of the events, Mott actively resisted more than once. Thus, on balance, the "alleged use of force was objectively reasonable," and the claim against Grimes should "be dismissed as frivolous and for failure to state a claim." *Diaz v. Ray*, No. 5:17-cv-25-BQ, 2017 WL 8790964, at *3-*4 (N.D. Tex. Nov. 17, 2017) (undertaking the same balancing analysis and concluding, "[i]n sum, weighing the factors set forth in

*Kingsley*, particularly the minimal physical injury allegedly sustained, within the context of preserving institutional order and discipline and Diaz's resistance to the same, Diaz's allegations fail to establish that Sergeant Ray's alleged use of force was objectively unreasonable" (footnote omitted)).

But, even if the excessive force claim was not itself frivolous, if could not proceed at this point because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and should therefore be dismissed, at least at this time, as frivolous, *see Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

Mott is currently serving a 12-year sentence after being convicted of obstruction or retaliation, in violation of Texas Penal Code § 36.06, based on the events of May 31, 2018 that underlie his excessive force claim. *See State v. Mott*, Case No. 18-10398-CC-F (Oct. 4, 2018); Dkt. No. 11-1 at 69-75. And civil claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such

conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

> The inquiry whether an excessive-force claim is barred under *Heck* is "analytical and fact-intensive" and requires a court to consider whether "success on the excessive force claim *requires* negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush*, 513 F.3d at 497 (emphasis added). In *Bush*, [the Fifth Circuit] held that *Heck* did not bar a plaintiff convicted of resisting arrest from bringing an excessive-force claim arising from the same conduct where the officer's use of force allegedly continued after the plaintiff was handcuffed and had ceased resisting. *Id.* at 498-500.

*Welsh*, 2021 WL 487152, at *3 (citation modified).

But, here, Mott's applicable conviction is inherently inconsistent with a version of the facts that – considering that objective reasonableness under *Kingsley* turns on the facts and circumstances of each case – would allow success on his civil excessive force claim.

For example, the affidavit for his arrest based on the event of May 31, 2018 includes the following: "Deputy Grimes told Inmate Mott that he was going back to the jail and Inmate Mott told Deputy Grimes that he was not leaving. Deputy Grimes grabbed Inmate Mott by the front of his jail jumpsuit and transport belt secured around his waist and Inmate Mott tried to pull away. Deputy Grimes pulled Inmate Mott into the aisle and Inmate Mott tried to fall to the ground but Deputy Grimes prevented him from doing so by holding onto his jumpsuit and belt. After exiting the courtroom Deputy Grimes paused with Inmate Mott at the top of the staircase to allow a courthouse employee to pass by. Inmate Mott cleared his throat and Deputy Grimes believed Inmate Mott was going to spit on him so he raised his hand towards

Inmate Mott's face. They proceeded down the stairs and towards Sgt. Keathley's office. Inmate Mott struggled to pull away from Deputy Grimes so he maintained his hold on Inmate Mott's jumpsuit and belt. Inmate Mott told Deputy Grimes several times that he was going to 'beat him to death.'" Dkt. No. 11-1 at 71.

So, at a minimum, this action should be dismissed until Mott can meet the preconditions of *Heck* – that is, if he can obtain a favorable termination as the applicable underlying conviction, he may reassert related civil claims. *Cf. Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (To be clear, a *Heck* "dismissal 'do[es] not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc))).

**Recommendation**

The Court should dismiss Plaintiff Bradley Wayne Mott's claims as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE